IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalvin Dontay Hunt, ) | C/A No. 8:15-4387-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Judy Dupree; Cynthia Cuffey; Columbia Regional) | |
| Correct Care; Edith Canzater; Michael Cross, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |

Kalvin Dontay Hunt ("Plaintiff"), proceeding pro se, brings this civil action alleging a violation of a federal law.  It appears that Plaintiff is committed to the South Carolina Department of Mental Health, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff resides at the Columbia Regional Correct Care Center in Columbia, South Carolina.  [Doc. 1.] He brings this action against several individuals who work at the Columbia Regional Correct Care—Judy Dupree, social worker; Cynthia Cuffey, registered nurse; Edith Canzater, patient's right advocate; and Michael Cross, unit psychiatrist. [*Id.*]

He alleges that in August of 2015, Judy Dupree sent Plaintiff's medical information to his mother without his consent. [*Id.*] In March of 2015, allegedly Cynthia Cuffey disclosed Plaintiff's medical and legal information to another patient without Plaintiff's consent. [*Id.*] He alleges the other Defendants knew about this misconduct but did nothing. [*Id.*]

Plaintiff alleges that Defendants violated his rights under HIPPA and slandered his reputation. [*Id.*] He seeks damages. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This action should be dismissed for failure to state a claim on which relief may be granted. The federal law known as HIPAA (the Health Insurance Portability and Accountability Act of 1996) does not provide for a private cause of action by an individual who asserts a violation of that rule or law. The HIPAA[1] law governs "confidentiality of medical records and regulates how 'covered entities' can use or disclose 'individually identifiable health (medical) information (in whatever form) concerning an individual.'" *White v. Brand*, No. 2:08-CV-255, 2009 WL 2105993, at *2 (E.D.Tenn. July 13, 2009) (citing provisions of the Code of Federal Regulations). The HIPPA regulations "do not confer a private right of action on an individual." *Id.*; *see also Suggs v. North Strand OB/GYN*, No. 07-3911-TLW-TER, 2009 WL 113445, at *5 (D.S.C. Jan. 14, 2009); *Williams v. Jones*, No. 9:07-CV-3437-MBS-GCK, 2008 WL 948285, at *5 (D.S.C. April 4, 2008) (finding that plaintiff cannot file a § 1983 claim based upon a violation of HIPAA); *Hopkins v. Bethea*, No. 3:06-3467-MBS-JRM, 2007 WL 1231652, at *5 (D.S.C. April 23, 2007) (finding that plaintiff's allegation of a HIPAA violation did not create federal question jurisdiction in this Court).

The remedy for an alleged HIPPA violation "is to lodge a written complaint with the Secretary of Health and Human Services, through the Office of Civil Rights, who has the discretion to investigate the complaint and impose sanctions." *White*, 2009 WL 2105993 at *2. Therefore, Plaintiff fails to state a cognizable claim against Defendants based upon an alleged violation of HIPAA.

---

[1]It appears that the public and courts use the acronym "HIPPA" and "HIPAA" interchangeably. *Stigall v. Univ. of Ky. Hosp.*, No. 5:09-CV-00224-KSF, 2009 WL 3739385, at *2 n.1 (E.D.Ky. Nov. 6, 2009).

Also, Plaintiff cannot bring this claim in this Court pursuant to 42 U.S.C. § 1983 based upon alleged slander.[2]  An alleged act of defamation[3] of character or injury to reputation is not actionable under 42 U.S.C. § 1983.  *Paul v. Davis*, 424 U.S. 693, 697–710 & nn. 3-4 (1976).  Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law.  *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–03 (1989).  Moreover, to allege slander, a plaintiff must allege that the statement was false.  Here, Plaintiff does not make such an allegation.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

November 20, 2015                      s/Jacquelyn D. Austin
Greenville, South Carolina             United States Magistrate Judge

---

[2]Slander usually refers to acts of defamation that are "expressed in a transitory form, esp. speech," while libel refers to acts of defamation that are expressed "in a fixed medium, esp. writing but also a picture, sign, or electronic broadcast."  Black's Law Dictionary (9th ed. 2009).

[3]Defamation is the "act of harming the reputation of another by making a false statement to a third person."  Black's Law Dictionary (9th ed. 2009).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).